Peter Jakab (PJ-8553)
FEIN & JAKAB
The Woolworth Building
233 Broadway, Suite 930
New York, NY 10279
(212) 732-9290

**08 CIV 5991**

David Toy (admitted in CA TX and NY)
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, TX 77002
(713) 653-5600

JUL 0 1 2008

Attorneys for Plaintiff
COMMERCIAL METALS COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMERCIAL METALS COMPANY,

          Plaintiff,       Case No.

        -against-

M.V. *TERN*, *in rem,* HER ENGINES,     **COMPLAINT**
TACKLE, APPAREL, ETC., TERN
SHIPPING LLC, EAGLE SHIPPING
INTERNATIONAL (USA) LLC, and
HYUNDAI MERCHANT MARINE CO.,
LTD., IN PERSONAM

Plaintiff, Commercial Metals Company, by and through its undersigned attorneys, complains of Defendants, M.V. *Tern, in Rem*, Tern Shipping LLC, Eagle Shipping International (USA) LLC, and Hyundai Merchant Marine Co., Ltd., *in personam*, and respectfully shows the Court as follows:

### I. PARTIES

1.     Plaintiff, Commercial Metals Company, is a corporation existing under the laws of Delaware and maintains a place of business in Texas.

2. Defendant *in rem*, M.V. *Tern*, is a Marshall Islands-flagged bulk carrier of 27,986 gross tons, built in 2003, that transported the steel cargo made the subject of this proceeding.

3. Defendant Tern Shipping LLC is a company organized and existing under the laws of a state other than New York, and, upon information and belief, was the owner of the M.V. *Tern*, at all relevant times. Tern Shipping LLC may be served with process by delivering it to that entity, at its home office, care of Eagle Shipping International (USA) LLC, Suite 1405, 477 Madison Avenue, New York, NY 10022-5837.

4. Defendant, Eagle Shipping International (USA) LLC, is a company organized and existing under the laws of a state other than New York, and, upon information and belief, was the shipmanager of the M.V. *Tern*, at all relevant times. Eagle Shipping International (USA) LLC may be served with process by delivering it to that entity, at its home office, Suite 1405, 477 Madison Avenue, New York, NY 10022-5837.

5. Defendant Hyundai Merchant Marine Co., Ltd., is a company organized and existing under the laws of a state other than New York, and, upon information and belief, was the charterer of the M.V. *Tern*, at all relevant times. In accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Plaintiff hereby forwards duplicate originals of process with this Complaint, translated into Korean, to the Central Authority for South Korea, to wit: National Court Administration, ATTN: Director of International Affairs, 967, Seocho-dong, Seocho-gu, Seoul 137-750, South Korea for service on Defendant Hyundai Merchant Marine Co., Ltd., at its home office located at 66, Chokson-dong, Jongro-ku, Seoul 110-052, South Korea.

## II. JURISDICTION & VENUE

6. This is an admiralty or maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure. This claim is asserted against the vessel, M.V. *Tern*, *in rem*, pursuant to Supp. Rule C of Fed. R. Civ. P., and against Defendant Hyundai Merchant Marine Co., Ltd., by agreement.

7. Venue is proper pursuant to Rule 82, Fed. R. Civ. P.

## III. BACKGROUND

8. On or about 10 February 2007 through 23 February 2007, cargos of prime newly produced ERW pipe, seamless tubing, seamless pipe, round tubing, casing and round bars were delivered in good order and condition in Tianjin, Shanghai and Xingang, China, to the M.V. *Tern* bound for Houston, Texas. The owners, carriers, and/or charterers of the vessel issued bills of lading numbered HDMUXGOHS7010114, 7010116—701035, 7010176—7010183, HDMUSHOHS7017104, 7010116—7010121, 7010131—7010140, and HDMUXGOHS7010139—7010160, 7010248, and possibly others, covering the aforementioned cargo, and all defendants agreed safely to receive, handle, load, stow, secure, discharge and deliver at Houston, Texas, the cargo in the same good order and condition as when received, in consideration of freight charges paid.

9. The above-referenced cargo arrived in Houston, not in the same good order and condition as when received but, on the contrary, much of the cargo was short, wet, stained, corroded, rusted, bent, dented, and otherwise physically damaged. The loss of and damage to cargo arising during shipment on the M.V. *Tern* gives rise to a maritime lien in favor of cargo's

interests, which Plaintiff hereby asserts against the M.V. *Tern*, *in rem*, its owner Defendant Tern Shipping LLC, its manager, Eagle Shipping International (USA) LLC, and the charterer, Defendant Hyundai Merchant Marine Co., Ltd., *in personam*.

## IV. CAUSES OF ACTION

10. The damage to the cargo was the direct and proximate result of the acts or failure to act of the Defendants herein, which acts or failure to act constitute negligence, breach of contracts of carriage, including a contract of carriage between Plaintiff Commercial Metals Company and Defendant Hyundai Merchant Marine Co., Ltd., breach of contracts of bailment, unseaworthiness, deviation and/or breach of the implied and/or express warranties on the part of the Defendants while the cargo was in the Defendants' care and custody.

## V. DAMAGES

11. By virtue of the aforementioned damages, Plaintiff has suffered loss and damage of at least $51,314.57, plus interest, court and other recoverable costs, for which sum it brings this action.

12. In addition to the aforementioned damages, Plaintiff hereby demands attorney's fees in accordance applicable law and agreement. Reasonable attorney's fees in this matter are in an amount of at least $17,000.

## VII. AUTHORITY

13. Plaintiff Commercial Metals Company was the shipper, consignee, or owner of the shipment of cargo described herein and brings this action on behalf of, and for the interest of all parties who may be, or become interested in such shipment, as their respective interests may appear, and Plaintiff Commercial Metals Company is entitled to maintain this action.

14.  If any charterparty, booking note, bill of lading or other contract of carriage legally obligates CMC to arbitrate all or any part(s) of the disputes or matters arising herein, then Plaintiff hereby presents notice of claim and demand for relief at arbitration in the forum required, and for that purpose, appoints as arbitrator Lucienne C. Bulow of New York City as arbitrator thereof.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that its maritime lien and claims against M.V. *Tern* be enforced, and that Defendants Tern Shipping LLC, Eagle Shipping International (USA) LLC, and Hyundai Merchant Marine Co., Ltd., be cited to appear and answer herein, and that upon final hearing of all claims, Plaintiff have and recover judgment against Defendants in an amount equal to its damages and disbursements, together with attorney's fees of at least $17,000, interest at the legal rate until paid, and costs of Court. Plaintiff prays for all such further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
Peter Jakab

**ATTORNEYS FOR PLAINTIFF**